Michael D. Warner, Esq. (TX Bar No. 00792304)
Rachel R. Obaldo, Esq. (TX Bar No. 24041617)
Cole, Schotz, Meisel, Forman & Leonard, P.A.
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
817-810-5250
817-810-5255 Facsimile
Email: mwarner@coleschotz.com
Email: robaldo@coleschotz.com

COUNSEL TO DEBTORS
MCGINNIS LAND PARTNERS I, LP,
AND CANYON FALLS LAND PARTNERS, LP

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **McGinnis Land Partners I, LP, and** | § | **Case No. 10-bk-34654-sgj** |
| **Canyon Falls Land Partners, LP,** | § | **Case No. 10-bk-34655-sgj** |
| | § | |
| **Debtors.** | § | **Jointly Administered Under** |
| | § | **Case No. 10-bk-34654** |

### EXPEDITED MOTION FOR AN ORDER APPROVING
### COMPROMISE AND SETTLEMENT BETWEEN
### DEBTORS AND SLF IV / HANOVER CANYON FALLS, L.P.

McGinnis Land Partners I, LP ("**McGinnis**") and Canyon Falls Land Partners, LP

("**Canyon Falls**"), the debtors and debtors in possession (collectively, the "**Debtors**") by their

attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., hereby file this Expedited Motion for

an Order Approving Compromise and Settlement Between Debtors and SLF IV / Hanover

Canyon Falls, L.P. ("**SLF**") (the "**Motion**") and respectfully represent as follows:

### VENUE & JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under

28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On July 2, 2010 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Cases**"). The Debtors are continuing to operate their businesses as debtors in possession.

3.      On September 20, 2010, the Debtors requested that the Court schedule a hearing to determine the rate of interest on SLF's secured claims as well as the application of the monthly interest payments to principal, interest and fees. The Court initially scheduled the hearing for October 28, 2010. Pursuant to the *Joint Motion to Continue Claim Objection Hearing* filed on October 15, 2010, the parties sought, and the Court approved rescheduling the hearing to November 18, 2010 (the "**Claim Objection Hearing**").

4.      On September 30, 2010, SLF filed its proofs of claim in both of the Cases (the "**Claims**"). On October 29, 2010, the Debtors filed their *Objection to the Proofs of Claim Filed by SLF IV / Hanover Canyon Falls, L.P.* (the "**Objection**").

5.      The Debtors and SLF have engaged in various discussions and hereby request that the Court approve and enter the *Joint Stipulation and Order Establishing SLF IV / Hanover Canyon Falls, L.P.* (the "**Stipulation**"), attached hereto as **Exhibit A**, which establishes the Claims, resolves the Objection, and provides for certain releases.

## RELIEF REQUESTED

6.      By this Motion, the Debtors request that this Court approve the Stipulation pursuant to Bankruptcy Rule 9019(a). Rule 9019 grants this Court the authority to approve a settlement upon the motion of the trustee. *See* FED. R. BANKR. P. 9019(a).

7.      Pursuant to the Claims, SLF asserted that it was entitled to interest based on an 18% interest rate (the "maturity rate") for the period from March 23, 2010 (the maturity date of

48467/0001-7162525v1
DALLAS 2180845v.5

the Loans (as defined in the Objection)) until such time as the Loans were paid in full. The Debtors argued in their Objection, for a variety of reasons, that an interest rate of 4.25% was more appropriate.

8.    The Stipulation now provides for a compromise between the parties on the interest rate issue and limits the amount of all fees, costs, and expenses, including attorneys fees, SLF shall be entitled to from the Debtors. The Stipulation also establishes the amount that SLF is entitled to credit bid at the auction currently scheduled for 10:00 a.m. on December 9, 2010 (the "**Auction**"). Finally, the Stipulation provides for certain releases for alleged wrongdoing in connection with the Loan Documents (as defined in the Objection), the Debtors' bankruptcy cases, and the Debtors' sale of assets.

9.    Pursuant to the terms of the Stipulation, the Claims are allowed as follows:

(a) as of December 9, 2010, in the amount of $20,788,741.46 consisting of principal, pre-petition interest, post-petition interest and fees, costs, and expenses, including attorneys fees;

(i) plus an additional amount of $100,000.00 if the Debtors fail to make the November 20, 2010 monthly interest payment as required by the Court's September 24, 2010, *Corrected Order (A) Approving Bidding Procedures For The Sale of All or Substantially All of the Debtors' Assets (B) Scheduling Final Sale Hearing (C) Approving Form and Manner of Notice Thereof; and (D) Other Relief* [Docket No. 78] (the "**Bid Procedures Order**");

(ii) plus an additional amount of $220,527.00 from the sale of land to Denton County if the Debtors fail to pay this amount as proceeds from the sale of land to Denton County as required by the *Agreed Order Authorizing and Approving Sale of Certain Real Property to the Texas Department of Transportation Free and Clear of Liens and Other Interests* [Docket No. 64];

(iii) plus an additional amount of $303,000.00 from the sale of land to the Trinity River Authority if the Debtors fail to pay this amount as proceeds from the sale of land to the Trinity River Authority as required by the *Amended Agreed Order Authorizing the Debtors to Grant an Easement to the Trinity River Authority Free and Clear of Liens and Other Interests* [Docket No. 90] and;

48467/0001-7162525v1
DALLAS 2180845v.5

(b) from December 9, 2010, until December 31, 2010, the Claims shall continue to accrue interest at the per diem rate of $6,867.13 until the Claims are paid pursuant to the Bid Procedures Order.

10. SLF shall have the right to credit bid its Claims in the amount set forth in the preceding paragraph at the Auction as authorized by the Bid Procedures Order. In other words, the Stipulation provides for an amount certain whereby SLF could, if it chose to do so, credit bid its Claims. Potential bidders will now have a maximum dollar amount at which they know SLF may assert its rights to credit bid its Claims.

11. The Stipulation provides for mutual releases for alleged wrongdoing in connection with the Loan Documents (as defined in the Objection), the Debtors' bankruptcy cases and sales of the Debtors' assets.

12. In summary, the legal issues being resolved by the Stipulation include the following:[1]

(i) the amount of pre-petition and postpetition interest SLF shall be entitled to;

(ii) the amount of pre-petition and postpetition fees, costs, and expenses, including attorneys fees, SLF shall be entitled to from the Debtors;

(iii) the total amount SLF is entitled to credit bid at the Auction;

(iv) release of potential "lender liability" claims;

(v) release of SLF, its limited partners, general partners, employees and affiliates from any accusation of wrongdoing or interference with the Debtors' bankruptcy cases; and

(vi) release of SLF, its limited partners, general partners, employees and affiliates from any accusation of wrongdoing or interference with the Debtors' ability to sell any portion of their assets, including, but not limited to, at the Auction.

---

[1] This summary is intended to provide information only, and is not to be relied on by any third party, or party to the Stipulation. The terms of the agreement between the parties is contained entirely in the Stipulation.

13.   There are traditionally five factors that the Court should consider in determining whether a proposed settlement is in the best interests of the bankruptcy estate:

  (a)   the probability of success in the litigation;
  (b)   the difficulties in collection of any resulting judgment;
  (c)   the complexity and expense of the litigation and the inconvenience and delay likely in attending it;
  (d)   the interests of the creditors; and
  (e)   whether the conclusion of the litigation promotes the integrity of the judicial system.

*In re Cajun Elec. Power Co-op.*, 119 F.3d 349, 355-56 (5th Cir. 1997); *In re Trout*, 108 B.R. 235, 238 (Bankr. D. N.D. 1989); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 B.R. 982, 990 (Bankr. D. Minn. 1989); *In re Bell & Beckwith*, 93 B.R. 569, 574 (Bankr. N.D. Ohio 1989). The most important inquiry for the Court is whether the settlement will be fair, reasonable and be in the best interests of the debtors' estates. *In re Foster Mortgage Corp.*, 68 F.3d 914 (5th Cir. 1995).

14.   As the Court is aware, the parties have been engaged in discovery for the past several weeks. Without this Stipulation, the Debtors would incur a substantial amount of additional fees and invest substantial time in responding to discovery requests, and preparing for and participating in depositions of witnesses for both the Debtors and SLF.

15.   The Debtors have considered the probability of success in the litigation, the complexity and expense of the litigation and the inconvenience and delay likely in attending it, the interests of the creditors and equity holders (and potential bidders who now know the maximum dollar amount of SLF's credit bid at the Auction), and whether the conclusion of the litigation promotes the integrity of the judicial system (the Stipulation will also alleviate the need for the parties to move forward in an fully contested evidentiary hearing). In the Debtors' business judgment, the terms set forth in the Stipulation are reasonable, in the best interests of

the Debtors' estates, and will successfully resolve the Objection while minimizing further legal expenses for the Debtors.

16.    The Bid Procedures Order establishes timelines for the Debtors to market, and for potential bidders to perform due diligence prior to the Auction. In order to meet these timelines, the Debtors request that the Court hear this Motion on an expedited basis. Other creditors will not be prejudiced by the Court hearing this Motion on an expedited basis, as the Debtors anticipate receiving consent by Middleton & Associates, LLC, the only creditor with an unsecured claim, prior to the hearing on the Motion.

WHEREFORE, the Debtors respectfully request that the Court (i) hear the Motion on an expedited basis, (ii) approve and enter the Stipulation; and (iii) grant such other relief as is just and proper.

Dated: November 12, 2010

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Michael D. Warner
Michael D. Warner (TX Bar No. 00792304)
Rachel R. Obaldo (TX Bar No. 24041617)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
(817) 810-5250
(817) 810-5255 (Fax)

Counsel for the Debtors
and Debtors in Possession

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **McGinnis Land Partners I, LP, and** | § | **Case No. 10-bk-34654-sgj** |
| **Canyon Falls Land Partners, LP** | § | **Case No. 10-bk-34655-sgj** |
| | § | |
| **Debtors.** | § | **Jointly Administered Under** |
| | § | **Case No. 10-bk-34654** |

## JOINT STIPULATION AND ORDER ESTABLISHING
## SLF IV / HANOVER CANYON FALLS, L.P.'S CLAIMS

SLF IV / Hanover Canyon Falls, L.P. ("**SLF**"), a secured creditor and party in interest,

and McGinnis Land Partners I, LP ("**McGinnis**") and Canyon Falls Land Partners, LP ("**Canyon**

**Falls**") (McGinnis and Canyon Falls collectively, the "**Debtors**") hereby file this *Joint*

*Stipulation and Order Establishing SLF IV / Hanover Canyon Falls, L.P.'s Claims* (the

"**Stipulation**"). In support thereof, the parties respectfully state as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b).  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.     On July 2, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Cases").  The Debtors are continuing to operate their businesses as debtors in possession.

3.     On September 20, 2010, the Debtors requested that the Court schedule a hearing to determine the rate of interest on SLF's secured claims as well as the application of the monthly interest payments to principal, interest and fees.  The Court initially scheduled the hearing for October 28, 2010.  Pursuant to the *Joint Motion to Continue Claim Objection Hearing* filed on October 15, 2010, the parties sought, and the Court approved rescheduling the hearing to November 18, 2010 (the "Claim Objection Hearing").

4.     On September 30, 2010, SLF filed its proofs of claim in both of the Cases (the "Claims").  On October 29, 2010, the Debtors filed their *Objection to the Proofs of Claim Filed by SLF IV / Hanover Canyon Falls, L.P.* (the "Objection").

5.     The parties hereby request that the Court approve this Stipulation establishing the Claims, resolving the Objection and providing for certain releases.  The parties hereby stipulate as follows:

## AGREEMENT

6.     At all times SLF has been an oversecured creditor entitled to post-petition interest and attorney's fees on its Claims.

7.     The Claims are hereby allowed as follows:

(a)     as of December 9, 2010, in the amount of $20,788,741.46 consisting of principal, pre-petition interest, post-petition interest and fees, costs, and expenses, including attorneys fees which will not exceed $132,407.05;

(i)     plus an additional amount of $100,000.00 if the Debtors fail to make the November 20, 2010 monthly interest payment as required by the Court's September 24, 2010, *Corrected Order (A) Approving Bidding Procedures For The Sale of All or Substantially All of the Debtors' Assets (B) Scheduling Final Sale Hearing (C) Approving Form and Manner of Notice Thereof; and (D) Other Relief* [Docket No. 78] (the "**Bid Procedures Order**");

(ii)    plus an additional amount of $220,527.00 from the sale of land to Denton County if the Debtors fail to pay this amount as proceeds from the sale of land to Denton County as required by the *Agreed Order Authorizing and Approving Sale of Certain Real Property to the Texas Department of Transportation Free and Clear of Liens and Other Interests* [Docket No. 64];

(iii)   plus an additional amount of $303,000.00 from the sale of land to the Trinity River Authority if the Debtors fail to pay this amount as proceeds from the sale of land to the Trinity River Authority as required by the *Amended Agreed Order Authorizing the Debtors to Grant an Easement to the Trinity River Authority Free and Clear of Liens and Other Interests* [Docket No. 90] and;

(b)     from December 9, 2010, until December 31, 2010, the Claims shall continue to accrue interest at the per diem rate of $6,867.13 until the Claims are paid pursuant to the Bid Procedures Order.

8.     SLF shall have the right to credit bid its Claims in the amount set forth in the preceding paragraph, at the auction currently scheduled for 10:00 a.m. on December 9, 2010 (the "**Auction**") as authorized by the Bid Procedures Order. SLF waives any and all deficiency claims against the Debtors and their estates, notwithstanding the amount SLF may actually credit bid.

9.    **Release of SLF**. McGinnis, its current general partner Canyon Falls Land GP, LLC, its former general partner II Stephens/Canyon Falls Construction, LLC, its limited partners HCREA Canyon Falls, L.P., SSM Investors, L.P., II Stephens/Falls Construction, LLC and all affiliates and principals and Canyon Falls, its current general partner Canyon Falls GP, LLC, and its former general partner II Stephens/Canyon Falls, LLC, its limited partners HCREA Canyon Falls, L.P., SSM Investors, L.P., and II Stephens/Canyon Falls, LLC, and all affiliates and principals (collectively, the "**Debtors' Releasing Parties**") each releases, waives, acquits, and forever discharges SLF, its employees, general partner, limited partners, officers, directors, representatives, affiliates, subsidiaries, attorneys, agents, insurers, successors and assigns (collectively, the "SLF Released Parties") from any and all claims, causes of action (whether common law, statutory, state, or federal, and whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured), demands, disputes, damages, costs, losses, detriments, interest, expenses, attorneys' fees, actions, debts, controversies, suits, and choses in action, of whatever nature, whether now known, unknown, foreseeable or unforeseeable, and whether existing or contingent, which the Debtors' Releasing Parties may have against the SLF Released Parties arising out of, resulting from, or in any way related to: (i) the loans (the "**Loans**") evidenced by the Loan Documents[1] or any negotiations, actions, inactions or other matters related to the Loans, (ii) the

---

[1] These include: Loan Agreement – McGinnis Land Partners I, LP, Dated March 23, 2006; Loan Agreement Canyon Falls Land Partners, LP, Dated March 23, 2006; Promissory Note – McGinnis Land Partners I, LP, Dated March 23, 2006; Deed of Trust – McGinnis Land Partners I, LP Dated March 23, 2006; Renewal, Extension and Modification of Promissory Note and Lien – McGinnis Land Partners I, LP Dated June 30, 2008; Modification of Loan Agreement – McGinnis Land Partners I, LP Dated June 30, 2008; Second Renewal, Extension and Modification of Promissory Note and Lien – McGinnis Land Partners I, LP Dated June 30, 2009; Security Agreement –McGinnis Land Partners I, LP Dated June 30, 2009; Promissory Note – Canyon Falls Land Partners, LP, Dated March 23, 2006; Deed of Trust – Canyon Falls Land Partners, LP Dated March 23, 2006; Modification of Promissory Note and Lien – Canyon Falls Land Partners, LP Dated March 14, 2008; Modification of Loan Agreement – Canyon Falls Land Partners, LP Dated June 30 2008; Second Modification of Promissory Note and

Debtors' bankruptcy cases, (iii) the Debtors' assets and sale of the Debtors' assets, (iv) the negotiation and consummation of this Stipulation, and/or (v) any claims arising from, relating to or in connection with constituting or in the nature of claims commonly known as "lender liability" claims with respect to the Loans and the Loan Documents (collectively, the "**SLF Released Matters**"). This release does not release any of the SLF Released Parties from: (a) any obligation to perform under the Loan Documents except as expressly provided by this Stipulation, (b) any obligation to take action as required by any Order of the Court or as required by applicable law, and (c) from the obligations in this Stipulation and the Bid Procedures Order. The Debtors' Releasing Parties represent and warrant that each is the owner of, and neither has assigned, pledged or contracted to assign or pledge, any of the SLF Released Matters to any other person or entity.

10.  **Release of McGinnis and Canyon Falls**.  SLF and its general partner Argyle/Northlake GP LLC, and its limited partners Stratford Land Fund IV, LP, and KNOX STREET PARTNERS NO. 2, LTD., and all affiliates and principals (collectively, the "**SLF Releasing Parties**") each hereby releases, waives, acquits, and forever discharges McGinnis and Canyon Falls, and each of their respective employees, current and former general partners, limited partners, officers, directors, representatives, affiliates, subsidiaries, attorneys, agents, insurers, successors and assigns (the "**Debtors' Released Parties**") from any and all claims, causes of action (whether common law, statutory, state, or federal, and whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured), demands, disputes, damages, costs, losses, detriments, interest, expenses, attorneys' fees, actions, debts, controversies, suits, and choses in action, of

---

Lien – Canyon Falls Land Partners, LP Dated September 24, 2009; and Security Agreement – Canyon Falls Land Partners, LP Dated September 24, 2009.

whatever nature, whether now known, unknown, foreseeable or unforeseeable, and whether existing or contingent, which the SLF Releasing Parties may have against the Debtors' Released Parties arising out of, resulting from, or in any way related to: (i) the Loans or any negotiations, actions, inactions or other matters related to the Loans, (ii) the Debtors' bankruptcy cases, (iii) the Debtors' assets and sale of the Debtors' assets, (iv) the operation and management of the property secured by certain Deeds of Trust[2], and/or (v) the negotiation and consummation of this Stipulation (collectively, the **"Debtors' Released Matters"**). This release does not release any of the Debtors Released Parties from: (a) any obligation to perform under the Loan Documents except as expressly provided by this Stipulation, (b) any obligation to take action as required by any Order of the Court or as required by applicable law, and (c) from the obligations in this Stipulation and the Bid Procedures Order. SLF Releasing Parties represent and warrant that each is the owner of, and neither has assigned, pledged or contracted to assign or pledge, any of the Debtors' Released Matters to any other person or entity.

11. This Stipulation is subject to approval by the Court pursuant to FED. R. BANKR. PROC. 9019.

12. This Stipulation does not otherwise affect the terms of the Bid Procedures Order.

WHEREFORE, the parties respectfully request that the Court enter this Stipulation as a Stipulation and Order.

### # # # End of Order # # #

---

[2] These include: Deed of Trust – McGinnis Land Partners I, LP Dated March 23, 2006 and Deed of trust – Canyon Falls Land Partners, LP Dated March 23, 2006.

Stipulated and Agreed this November 12, 2010.

AGREED AS TO FORM AND SUBSTANCE:

CANYON FALLS LAND PARTNERS, LP

By: _____
Name: Ted Damoris
Manager of Canyon Falls GP, LLC, Debtor's General Partner

-AND-

CANYON FALLS GP, LLC

By: _____
Name: Ted Damoris
Title: Manager

-AND-

MCGINNIS LAND PARTNERS I, LP

By: _____
Name: Ted Damoris, Manager
Manager of Canyon Falls Land GP, LLC, Debtor's General Partner

-AND-

CANYON FALLS LAND GP, LLC

By: _____
Name: Ted Damoris
Title: Manager

-AND-

II STEPHENS/CANYON FALLS, LLC

By: _____
Name:
Title:

-AND-

II STEPHENS/CANYON FALLS CONSTRUCTION, LLC

Stipulated and Agreed this November 12, 2010.

AGREED AS TO FORM AND SUBSTANCE:

CANYON FALLS LAND PARTNERS, LP

By: _____
Name:
Manager of Canyon Falls GP, LLC, Debtor's General Partner

-AND-

CANYON FALLS GP, LLC

By: _____
Name:
Title:

-AND-

MCGINNIS LAND PARTNERS I, LP

By: _____
Name:
Manager of Canyon Falls Land GP, LLC, Debtor's General Partner

-AND-

CANYON FALLS LAND GP, LLC

By: _____
Name:
Title:

-AND-

II STEPHENS/CANYON FALLS, LLC

By: _____
Name: _Stephen C. McGinnis_
Title: _Managing Member_

-AND-

II STEPHENS/CANYON FALLS CONSTRUCTION, LLC

By: _____ *(signature)*
Name: Stephen C. McBrinn *(handwritten)*
Title: Managing Member *(handwritten)*

-AND-

HCREA CANYON FALLS, L.P.

By: _____
Name:
Title:

-AND-

SSM INVESTORS, L.P.

By: _____ *(signature)*
Name: Stephen C. McBrinn *(handwritten)*
Title: Managing Member *(handwritten)*

-AND-

**SLF IV / HANOVER CANYON FALLS, L.P.**

By:   Argyle Northlake GP LLC, its general partner


    By: _____
        Richard E. LeBlanc, Sole Member

-AND-

**ARGYLE/NORTHLAKE GP LLC**


By: _____
    Richard E. LeBlanc, Sole Member

-AND-

By: _____
Name:
Title:

-AND-

HCREA CANYON FALLS, L.P.

By: _____
Name: _Teo Damon's_
Title: _Manager of HCREA Canyon Falls GP, LLC_

-AND-

SSM INVESTORS, L.P.

By: _____
Name:
Title:

-AND-

**SLF IV / HANOVER CANYON FALLS, L.P.**

By:     Argyle Northlake GP LLC, its general partner

    By: _____
           Richard E. LeBlanc, Sole Member

-AND-

**ARGYLE/NORTHLAKE GP LLC**

By: _____
        Richard E. LeBlanc, Sole Member

-AND-

By: _____
Name:
Title:

-AND-

HCREA CANYON FALLS, L.P.

By: _____
Name:
Title:

-AND-

SSM INVESTORS, L.P.

By: _____
Name:
Title:

-AND-

SLF IV / HANOVER CANYON FALLS, L.P.

By:    Argyle Northlake GP LLC, its general partner

By: _____
Richard E. LeBlanc, Sole Member

-AND-

ARGYLE/NORTHLAKE GP LLC

By: _____
Richard E. LeBlanc, Sole Member

-AND-

STRATFORD LAND FUND IV, L.P.,
a Delaware limited partnership

By:     Stratford Fund IV GP, LLC,
        a Texas limited liability company,
        its General Partner

        By:     _____
                Kevin M. Watson, President Land
                Division

-AND-

KNOX STREET PARTNERS NO. 2, LTD.,
a Texas limited partnership

By:     Hanover Development Company,
        a Texas corporation


        By:     _____
                Richard E. LeBlanc, President

SO ORDERED THIS _____ DAY OF _____, 2010.

**STRATFORD LAND FUND IV, L.P.,**
a Delaware limited partnership

By: Stratford Fund IV GP, LLC,
a Texas limited liability company,
its General Partner

By: _____
Name: _____
Title: _____

-AND-

**KNOX STREET PARTNERS NO. 2, LTD.,**
a Texas limited partnership

By: Hanover Development Company,
a Texas corporation

By: _____
Richard E. LeBlanc, President

SO ORDERED THIS ____ DAY OF _____, 2010.