Michael D. Warner, Esq. (TX Bar No. 00792304)
Rachel R. Obaldo, Esq. (TX Bar No. 24041617)
Cole, Schotz, Meisel, Forman & Leonard, P.A.
301 Commerce Street, Suite 1700
Fort Worth, Texas  76102
817-810-5250
817-810-5255  Facsimile
Email: mwarner@coleschotz.com
Email: robaldo@coleschotz.com

COUNSEL TO DEBTORS
MCGINNIS LAND PARTNERS I, LP,
AND CANYON FALLS LAND PARTNERS, LP

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **McGinnis Land Partners I, LP, and** | § | **Case No. 10-bk-34654-sgj** |
| **Canyon Falls Land Partners, LP,** | § | **Case No. 10-bk-34655-sgj** |
| | § | |
| **Debtors.** | § | **Jointly Administered Under** |
| | § | **Case No. 10-bk-34654** |

## MOTION TO APPROVE STIPULATION

McGinnis Land Partners I, LP ("**McGinnis**") and Canyon Falls Land Partners, LP ("**Canyon Falls**"), the debtors and debtors in possession (collectively, the "**Debtors**") by their attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., hereby file this *Motion to Approve Stipulation* [the "**Stipulation**", attached hereto as **Exhibit A**, is by and among SLF IV / Hanover Canyon Falls ("**SLF**"), the SLF Releasing Parties, as defined herein, the SLF Released Parties, as defined herein, McGinnis and Canyon Falls, the Debtors' Releasing Parties, as defined herein, the Debtors' Released Parties, as defined herein, Stephen C. McGinnis and Stephen S. McGinnis (each a "**Party**", and collectively, the "**Parties**")] and respectfully represent as follows:

## VENUE & JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On March 23, 2006, (a) McGinnis and Canyon Falls each entered into separate Loan Agreements, Deeds of Trust, and Promissory Notes with American Bank of Texas, as amended, modified and extended[1] (collectively, the "**Loans**"); (b) Stephen S. McGinnis and Stephen C. McGinnis each entered into a separate Guaranty agreement (collectively, the "**McGinnis Guarantees**"), guaranteeing the debt borrowed by McGinnis; and (c) Stephen S. McGinnis and Stephen C. McGinnis entered into a Guaranty Agreement (the "**Canyon Falls Guaranty**" collectively, with the McGinnis Guarantees, the "**Guarantees**"), guaranteeing the debt borrowed by Canyon Falls.

3.      On March 23, 2010, the Loans matured, and McGinnis and Canyon Falls did not pay the debt due under the Loans.

4.      On July 2, 2010, Canyon Falls and McGinnis each filed a separate voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Cases**").

---

[1] The Loans have been amended, modified and extended by numerous documents, including – Renewal, Extension and Modification of Promissory Note and Lien – McGinnis Land Partners I, LP Dated June 30, 2008; Modification of Loan Agreement – McGinnis Land Partners I, LP Dated June 30, 2008; Second Renewal, Extension and Modification of Promissory Note and Lien – McGinnis Land Partners I, LP Dated June 30, 2009; Modification of Promissory Note and Lien – McGinnis Land Partners I, LP Dated June 30, 2009; Security Agreement –McGinnis Land Partners I, LP Dated June 30, 2009; Modification of Promissory Note and Lien – Canyon Falls Land Partners, LP Dated March 14, 2008; Modification of Loan Agreement – Canyon Falls Land Partners, LP Dated June 30 2008; Second Modification of Promissory Note and Lien – Canyon Falls Land Partners, LP Dated September 24, 2009; and Security Agreement – Canyon Falls Land Partners, LP Dated September 24, 2009.

5.     On August 3, 2010, the Bankruptcy Court issued its *Order Authorizing Joint Administration of Cases*, consolidating Canyon Falls' and McGinnis' bankruptcy cases for procedural purposes under Case No. 10-bk-34654-sgj.

6.     On September 23, 2010, the Bankruptcy Court entered its Corrected Order (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling Final Sale Hearing (C) Approving Form and Manner of Notice Thereof; and (D) Other Relief (the "**Bid Procedures Order**") [Docket No. 78], which set out, among other items, the procedures for an auction on December 9, 2010 at 10 a.m. (the "**Auction**") and for SLF to credit bid its debt at the Auction.

7.     SLF, its general partners, limited partners, affiliates and principals; and McGinnis, its general partners, limited partners, affiliates and principals; and Canyon Falls, its general partners, limited partners, affiliates and principals entered into the Joint Stipulation and Order Establishing SLF IV / Hanover Canyon Falls, L.P.'s Claims which is attached as Exhibit A to the Debtors' Expedited Motion for an Order Approving Compromise and Settlement Between Debtors and SLF IV / Hanover Canyon Falls, L.P. (the "**Joint Stipulation**") [Docket No. 117].

8.     The Joint Stipulation provides for certain releases by McGinnis, its current general partner Canyon Falls Land GP, LLC, its former general partner II Stephens/Canyon Falls Construction, LLC, its limited partners HCREA Canyon Falls, L.P., SSM Investors, L.P., II Stephens/Falls Construction, LLC and all affiliates and principals and Canyon Falls, its current general partner Canyon Falls GP, LLC, and its former general partner II Stephens/Canyon Falls, LLC, its limited partners HCREA Canyon Falls, L.P., SSM Investors, L.P., and II Stephens/Canyon Falls, LLC, and all affiliates and principals (collectively, the "**Debtors' Releasing Parties**") of SLF, its employees, general partner, limited partners, officers, directors,

representatives, affiliates, subsidiaries, attorneys, agents, insurers, successors and assigns (collectively, the "**SLF Released Parties**").

9.     The Joint Stipulation provides for certain releases by SLF and its general partner Argyle/Northlake GP LLC, and its limited partners Stratford Land Fund IV, LP, and KNOX STREET PARTNERS NO. 2, LTD., and all affiliates and principals (collectively, the "**SLF Releasing Parties**") of McGinnis and Canyon Falls, and each of their respective employees, current and former general partners, limited partners, officers, directors, representatives, affiliates, subsidiaries, attorneys, agents, insurers, successors and assigns (the "**Debtors' Released Parties**").

10.    The Joint Stipulation provides for the amount of SLF's Claims[2].

11.    On November 15, 2010, SLF and Stephen C. McGinnis and Stephen S. McGinnis entered into a *Settlement Agreement and Mutual Release* (the "**Settlement Agreement**") providing for certain releases by SLF of Stephen C. McGinnis and Stephen S. McGinnis and certain releases by Stephen C. McGinnis and Stephen S. McGinnis of SLF.

12.    On December 6, 2010, the Debtors filed a Motion for Interim and Final Orders: (1) Authorizing Post-Petition Financing on a Secured Basis; and (2) Authorizing the Payoff of the Debtors' Existing Secured Debt (the "**Financing Motion**") [Docket No. 131]. As stated in the Financing Motion, the Bid Procedures Order established a bid deadline of November 30, 2010, for interested parties to submit bids to acquire the Debtors' remaining real property. Two bids were received by the Debtors by the bid deadline. One bid was submitted by SLF, entirely as a credit bid. The other bid received was a cash bid in an amount less than the amount of SLF's credit bid. Thus, it became immediately apparent to the Debtors that the equity value in the Debtors' remaining real property might not be realized through the Auction process.

---

[2] As defined in the Stipulation.

13.     Thus, through the Financing Motion, the Debtors seek authority of the Bankruptcy Court to borrow $22,000,000.00 on a secured basis from Highland Crusader Offshore Partners, L.P., a Bermuda limited partnership ("**Crusader**"), an affiliate of one of the Debtors' limited partners.

14.     Through the Financing Motion, the Debtors seek to use the funds borrowed from Crusader to, among other things, pay off the debt owed to SLF under the Loans.

15.     Counsel for SLF has indicated that SLF might object to the relief requested in the Financing Motion.

16.     The Debtors, Crusader, and SLF have engaged in various discussions, including, *inter alia*, an alternative whereby Crusader would purchase the Loans from SLF, rather than loaning funds to the Debtors to payoff the Loans

17.     In consideration of SLF agreeing to not object to the Financing Motion, and SLF agreeing to sell the Loans to Crusader, pursuant to that certain Loan Purchase Agreement dated December 14, 2010, by and between SLF and Crusader, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors Releasing Parties, Stephen C. McGinnis and Stephen S. McGinnis (the "**Stipulating Parties**") stipulate to the terms outlined in the Stipulation.

18.     The sale of the Loans by SLF to Crusader closed today.  As part and parcel of that sale, the Debtors and SLF entered into the Stipulation that they now seek Court approval of.

## RELIEF REQUESTED

19. By this Motion, the Debtors request that this Court approve the Stipulation pursuant to Bankruptcy Rule 9019(a). Rule 9019 grants this Court the authority to approve a settlement upon the motion of the trustee. *See* FED. R. BANKR. P. 9019(a).

20. Pursuant to the terms of the Stipulation, the Stipulating Parties, which include the Debtors, stipulate:

a) The SLF Released Parties are currently, and have at all times been in compliance with all requirements and terms of the Bid Procedures Order.

b) The SLF Released Parties are currently, and have at all times been in compliance with all requirements and terms of the Joint Stipulation.

c) The SLF Released Parties are currently, and have at all times been in compliance with all applicable laws related to the Loans, the Cases, the Joint Stipulation, and the Settlement Agreement including, but not limited to all requirements under 11 U.S.C.§ 101, et seq. (2005) (the "**Bankruptcy Code**").

d) The SLF Released Parties are currently, and have at all times been in compliance with all orders of the Court in the Cases.

e) The Stipulating Parties acknowledge that as of the date of the entry of an order by the Court approving this Stipulation, the Stipulating Parties do not have any existing or contingent claims, causes of action (whether common law, statutory, state, or federal, and whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured), demands, disputes, damages, costs, losses, detriments, interests, expenses, attorneys' fees, actions, debts, controversies, suits, or choses in action, whether now known, unknown, foreseeable or unforeseeable, and whether existing or contingent, against the SLF Released Parties in any way related to: (i) the Loans or any negotiations, actions, inactions or other matters related to the Loans, including, but not limited to any negotiations to transfer, assign, or sell any of SLF's rights, title or interest in the Loans to Crusader, (ii) the Debtors' bankruptcy cases, (iii) the Debtors' assets and sale of the Debtors' assets, including but not limited to, the Auction, (iv) the negotiation and consummation of the Joint Stipulation, (v) the negotiation and consummation of the Settlement Agreement, (vi) the Financing Motion, and/or (vii) any other order of the Court.

f)   SLF's Claims, as referenced under the Bid Procedures Order as the "Secured Debt", and later revised under the Joint Stipulation are allowed as follows:

   (i)   as of December 13, 2010, in the amount of Twenty-One Million One Hundred One Thousand One Hundred Four and 11/100 Dollars ($21,101,104.11)., consisting of principal, pre-petition interest, post-petition interest and fees, costs, and expenses including attorneys fees of $132,407.05 as set forth in the Joint Stipulation plus an additional $57,500.00 in fees agreed to by the Stipulating Parties;

   (ii)  SLF's Claims continue to accrue interest at the per diem rate of $6,867.13, until the Claims are paid pursuant to the Bid Procedures Order, as modified by the Joint Stipulation; however, as agreed by the Parties, per diem interest will not accrue on SLF's Claims on and after December 14, 2010, if SLF is Paid In Full, as defined herein.

   (iii) SLF will be deemed to be Paid In Full, if on or prior to 11:00 a.m. (CST) December 15, 2010, SLF has received, by wire transfer, Twenty One Million One Hundred One Thousand One Hundred and Four and 11/100 Dollars ($21,101,104.11) in satisfaction of SLF's Claims.

g)   Stephen S. McGinnis and Stephen C. McGinnis stipulate that the SLF Released Parties are currently, and have at all times been in compliance with all requirements and terms of the Settlement Agreement.

21.   There are traditionally five factors that the Court should consider in determining whether a proposed settlement is in the best interests of the bankruptcy estate:

   (a)   The probability of success in the litigation;
   (b)   The difficulties in collection of any resulting judgment;
   (c)   The complexity and expense of the litigation and the inconvenience and delay likely in attending it;
   (d)   The interests of the creditors; and
   (e)   Whether the conclusion of the litigation promotes the integrity of the judicial system.

*In re Cajun Elec. Power Co-op.*, 119 F.3d 349, 355-56 (5th Cir. 1997); *In re Trout*, 108 B.R. 235, 238 (Bankr. D. N.D. 1989); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 B.R. 982, 990 (Bankr. D. Minn. 1989); *In re Bell & Beckwith*, 93 B.R. 569, 574 (Bankr. N.D. Ohio 1989).  The

most important inquiry for the Court is whether the settlement will be fair, reasonable and be in the best interests of the Debtors' estates. *In re Foster Mortgage Corp.,* 68 F.3d 914 (5th Cir. 1995).

22.     Without this Stipulation, the Debtors would have incurred a substantial amount of time and fees in a likely fully contested evidentiary hearing with SLF on the Financing Motion.

23.     In anticipation of the sale of the Loans closing and approval of the Stipulation, the Debtors may not need to move forward with either the Sale Hearing or the interim hearing on the Financing Motion. By a separate, concurrently filed emergency motion, the Debtors respectfully request that both the Sale Hearing and the interim hearing on the Financing Motion be continued from December 16 at 9:30 a.m. to December 20 at 1:30 p.m.

24.     The Debtors have considered the probability of success in the litigation of the Financing Motion, the complexity and expense of the litigation and the inconvenience and delay likely in attending it, the interests of the creditors and equity holders, and whether the conclusion of the litigation promotes the integrity of the judicial system (again, the Stipulation will also alleviate the need for the parties to move forward in a fully contested evidentiary hearing). In the Debtors' business judgment, the terms set forth in the Stipulation are reasonable, in the best interests of the Debtors' estates, and will successfully resolve the Financing Motion and alleviate the need to move forward with the Auction and Sale Hearing while minimizing further legal expenses for the Debtors.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order, substantially in the form of **Exhibit B** approving the Stipulation; and (ii) grant such other relief as is just and proper.

Dated: December 15, 2010

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Michael D. Warner
Michael D. Warner (TX Bar No. 00792304)
Rachel R. Obaldo (TX Bar No. 24041617)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
(817) 810-5250
(817) 810-5255 (Fax)

Counsel for the Debtors
and Debtors in Possession

# **EXHIBIT A**

## STIPULATION

This Stipulation (the "**Stipulation**") is entered into as of December 14, 2010, by and among SLF IV / Hanover Canyon Falls ("**SLF**"), the SLF Releasing Parties, as defined herein, the SLF Released Parties, as defined herein and McGinnis Land Partners I, LP ("**McGinnis**"), Canyon Falls Land Partners, LP ("**Canyon Falls**"), the Debtors' Releasing Parties, as defined herein, the Debtors' Released Parties, as defined herein, Stephen C. McGinnis and Stephen S. McGinnis (each a "**Party**", and collectively, the "**Parties**").

## WITNESSETH:

**WHEREAS**, on March 23, 2006, McGinnis and Canyon Falls (collectively, the "**Debtors**") each entered into separate Loan Agreements, Deeds of Trust, and Promissory Notes with American Bank of Texas, as amended, modified and extended[1] (collectively, the "**Loans**"); and

**WHEREAS**, on March 23, 2006, Stephen S. McGinnis and Stephen C. McGinnis each entered into a separate Guaranty agreement (collectively, the "**McGinnis Guarantee**s"), guaranteeing the debt borrowed by McGinnis; and

**WHEREAS**, on March 23, 2006, Stephen S. McGinnis and Stephen C. McGinnis entered into a Guaranty Agreement (the "**Canyon Falls Guaranty**" collectively, with the McGinnis Guarantees, the "**Guarantees**"), guaranteeing the debt borrowed by Canyon Falls; and

**WHEREAS,** on March 23, 2010, the Loans matured, and McGinnis and Canyon Falls did not pay the debt due under the Loans; and

**WHEREAS**, on July 2, 2010, Canyon Falls and McGinnis each filed a separate voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Cases**"); and

**WHEREAS**, on August 3, 2010, the Bankruptcy Court issued its *Order Authorizing Joint Administration of Cases*, consolidating Canyon Falls' and McGinnis' bankruptcy cases for procedural purposes under Case No. 10-bk-34654-sgj; and

**WHEREAS**, on September 23, 2010, the Bankruptcy Court entered its *Corrected Order (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling Final Sale Hearing (C) Approving Form and Manner of Notice Thereof; and (D) Other Relief* (the "**Bid Procedures Order**") [Docket No. 78], which set out, among other

---

[1] The Loans have been amended, modified and extended by numerous documents, including– Renewal, Extension and Modification of Promissory Note and Lien – McGinnis Land Partners I, LP Dated June 30, 2008; Modification of Loan Agreement – McGinnis Land Partners I, LP Dated June 30, 2008; Second Renewal, Extension and Modification of Promissory Note and Lien – McGinnis Land Partners I, LP Dated June 30, 2009; Security Agreement –McGinnis Land Partners I, LP Dated June 30, 2009; Modification of Promissory Note and Lien – Canyon Falls Land Partners, LP Dated March 14, 2008; Modification of Loan Agreement – Canyon Falls Land Partners, LP Dated June 30 2008; Second Modification of Promissory Note and Lien – Canyon Falls Land Partners, LP Dated September 24, 2009; and Security Agreement – Canyon Falls Land Partners, LP Dated September 24, 2009.

items, the procedures for an auction on December 9, 2010 at 10 a.m. (the "**Auction**") and for SLF to credit bid its debt at the Auction; and

WHEREAS, SLF, its general partners, limited partners, affiliates and principals; and McGinnis, its general partners, limited partners, affiliates and principals; and Canyon Falls, its general partners, limited partners, affiliates and principals entered into the *Joint Stipulation and Order Establishing SLF IV / Hanover Canyon Falls, L.P.'s Claims* which is attached as Exhibit A to the Debtors' *Expedited Motion for an Order Approving Compromise and Settlement Between Debtors and SLF IV / Hanover Canyon Falls, L.P.* (the "**Joint Stipulation**") [Docket No. 117]; and

WHEREAS, the Joint Stipulation provides for certain releases by McGinnis, its current general partner Canyon Falls Land GP, LLC, its former general partner II Stephens/Canyon Falls Construction, LLC, its limited partners HCREA Canyon Falls, L.P., SSM Investors, L.P., II Stephens/Falls Construction, LLC and all affiliates and principals and Canyon Falls, its current general partner Canyon Falls GP, LLC, and its former general partner II Stephens/Canyon Falls, LLC, its limited partners HCREA Canyon Falls, L.P., SSM Investors, L.P., and II Stephens/Canyon Falls, LLC, and all affiliates and principals (collectively, the "**Debtors' Releasing Parties**") of SLF, its employees, general partner, limited partners, officers, directors, representatives, affiliates, subsidiaries, attorneys, agents, insurers, successors and assigns (collectively, the "**SLF Released Parties**"); and

WHEREAS, the Joint Stipulation provides for certain releases by SLF and its general partner Argyle/Northlake GP LLC, and its limited partners Stratford Land Fund IV, LP, and KNOX STREET PARTNERS NO. 2, LTD., and all affiliates and principals (collectively, the "**SLF Releasing Parties**") of McGinnis and Canyon Falls, and each of their respective employees, current and former general partners, limited partners, officers, directors, representatives, affiliates, subsidiaries, attorneys, agents, insurers, successors and assigns (the "**Debtors' Released Parties**"); and

WHEREAS, the Joint Stipulation provides for the amount of SLF's Claims[2]; and

WHEREAS, on November 15, 2010, SLF and Stephen C. McGinnis and Stephen S. McGinnis entered into a *Settlement Agreement and Mutual Release* (the "**Settlement Agreement**") providing for certain releases by SLF of Stephen C. McGinnis and Stephen S. McGinnis and certain releases by Stephen C. McGinnis and Stephen S. McGinnis of SLF; and

WHEREAS, on December 6, 2010, the Debtors filed a *Motion for Interim and Final Orders: (1) Authorizing Post-Petition Financing on a Secured Basis; and (2) Authorizing the Payoff of the Debtors' Existing Secured Debt* (the "**Financing Motion**") [Docket No. 131].

WHEREAS, through the Financing Motion, the Debtors seek authority of the Bankruptcy Court to borrow $22,000,000.00 on a secured basis from Highland Crusader Offshore Partners, L.P., a Bermuda limited partnership ("**Crusader**"), an affiliate of one of the Debtors' limited partners; and

---

[2] As defined in the Stipulation.

**WHEREAS,** through the Financing Motion, the Debtors seek to use the funds borrowed from Crusader to, among other things, pay off the debt owed to SLF under the Loans; and

**NOW, THEREFORE,** in consideration of SLF agreeing to not object to the Financing Motion, and SLF agreeing to sell the Loans to Crusader, pursuant to that certain Loan Purchase Agreement dated December 14, 2010, by and between SLF and Crusader, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors Releasing Parties, Stephen C. McGinnis and Stephen S. McGinnis (the "**Stipulating Parties**") hereby stipulate as follows:

1.     The SLF Released Parties are currently, and have at all times been in compliance with all requirements and terms of the Bid Procedures Order.

2.     The SLF Released Parties are currently, and have at all times been in compliance with all requirements and terms of the Joint Stipulation.

3.     The SLF Released Parties are currently, and have at all times been in compliance with all applicable laws related to the Loans, the Cases, the Joint Stipulation, and the Settlement Agreement including, but not limited to all requirements under 11 U.S.C.§ 101, et seq. (2005) (the "**Bankruptcy Code**").

4.     The SLF Released Parties are currently, and have at all times been in compliance with all orders of the Court in the Cases.

5.     The Stipulating Parties acknowledge that as of the date of the entry of an order by the Court approving this Stipulation, the Stipulating Parties do not have any existing or contingent claims, causes of action (whether common law, statutory, state, or federal, and whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured), demands, disputes, damages, costs, losses, detriments, interests, expenses, attorneys' fees, actions, debts, controversies, suits, or choses in action, whether now known, unknown, foreseeable or unforeseeable, and whether existing or contingent, against the SLF Released Parties in any way related to: (i) the Loans or any negotiations, actions, inactions or other matters related to the Loans, including, but not limited to any negotiations to transfer, assign, or sell any of SLF's rights, title or interest in the Loans to Crusader, (ii) the Debtors' bankruptcy cases, (iii) the Debtors' assets and sale of the Debtors' assets, including but not limited to, the Auction, (iv) the negotiation and consummation of the Joint Stipulation, (v) the negotiation and consummation of the Settlement Agreement, (vi) the Financing Motion, and/or (vii) any other order of the Court.

6.     SLF's Claims, as referenced under the Bid Procedures Order as the "Secured Debt", and later revised under the Joint Stipulation are allowed as follows:

        (a)     as of December 13, 2010, in the amount of Twenty-One Million One Hundred One Thousand One Hundred Four and 11/100 Dollars ($21,101,104.11)., consisting of principal, pre-petition interest, post-petition interest and fees, costs, and expenses including attorneys fees of

$132,407.05 as set forth in the Joint Stipulation plus an additional $57,500.00 in fees agreed to by the Stipulating Parties;

(b)     SLF's Claims continue to accrue interest at the per diem rate of $6,867.13, until the Claims are paid pursuant to the Bid Procedures Order, as modified by the Joint Stipulation; however, as agreed by the Parties, per diem interest will not accrue on SLF's Claims on and after December 14, 2010, if SLF is Paid In Full, as defined herein.

(c)     SLF will be deemed to be Paid In Full, if on or prior to 11:00 a.m. (CST) December 15, 2010, SLF has received, by wire transfer, Twenty One Million One Hundred One Thousand One Hundred and Four and 11/100 Dollars ($21,101,104.11) in satisfaction of SLF's Claims.

7.     Stephen S. McGinnis and Stephen C. McGinnis stipulate that the SLF Released Parties are currently, and have at all times been in compliance with all requirements and terms of the Settlement Agreement.

8.     This Stipulation is subject to approval by the Court pursuant to FED. R. BANKR. PROC. 9019.

9.     This Stipulation may be executed in as many counterparts as deemed necessary and when so executed shall have the same effect as if all Parties had executed the same instrument.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed by their duly authorized representatives as of the date first written above.

*[Signature Page to Follow]*

**CANYON FALLS LAND PARTNERS, LP**

By: _____
Ted Dameris, Manager of Canyon Falls GP,
LLC, Debtor's General Partner

-AND-

**CANYON FALLS GP, LLC**

By: _____
Ted Dameris, Manager

-AND-

**MCGINNIS LAND PARTNERS I, LP**

By: _____
Ted Dameris, Manager
Manager of Canyon Falls Land GP, LLC,
Debtor's General Partner

-AND-

**CANYON FALLS LAND GP, LLC**

By: _____
Ted Dameris, Manager

-AND-

**II STEPHENS/CANYON FALLS, LLC**

By: _____
Stephen C. McGinnis, Managing Member

-AND-

**CANYON FALLS LAND PARTNERS, LP**

By: _____
        Ted Dameris, Manager of Canyon Falls GP,
        LLC, Debtor's General Partner

-AND-

**CANYON FALLS GP, LLC**

By: _____
        Ted Dameris, Manager

-AND-

**MCGINNIS LAND PARTNERS I, LP**

By: _____
        Ted Dameris, Manager
        Manager of Canyon Falls Land GP, LLC,
        Debtor's General Partner

-AND-

**CANYON FALLS LAND GP, LLC**

By: _____
        Ted Dameris, Manager

-AND-

**II STEPHENS/CANYON FALLS, LLC**

By: _____
        Stephen C. McGinnis, Managing Member

-AND-

**II STEPHENS/CANYON FALLS CONSTRUCTION, LLC**

By:  _____
Stephen C. McGinnis, Managing Member

-AND-

**HCREA CANYON FALLS, L.P.**

By:  _____
Ted Dameris, Manager of HCREA Canyon
Falls GP, LLC

-AND-

**SSM INVESTORS, L.P.**

By:  _____
Stephen C. McGinnis, Managing Member

**STEPHEN S. MCGINNIS,** an individual

By:  _____
Stephen S. McGinnis

-AND-

**STEPHEN C. MCGINNIS,** an individual

By:  _____
Stephen C. McGinnis

-AND-

**II STEPHENS/CANYON FALLS
CONSTRUCTION, LLC**

By: _____
Stephen C. McGinnis, Managing Member

-AND-

**HCREA CANYON FALLS, L.P.**

By: _____
Ted Dameris, Manager of HCREA Canyon
Falls GP, LLC

-AND-

**SSM INVESTORS, L.P.**

By: _____
Stephen C. McGinnis, Managing Member

**STEPHEN S. MCGINNIS**, an individual

By: _____
Stephen S. McGinnis

-AND-

**STEPHEN C. MCGINNIS**, an individual

By: _____
Stephen C. McGinnis

-AND-

**SLF IV / HANOVER CANYON FALLS, L.P.**

By:    Argyle Northlake GP LLC, its general
        partner


By:    _(signature)_
        Richard E. LeBlanc, Sole Member

-AND-

**ARGYLE/NORTHLAKE GP LLC**


By:    _(signature)_
        Richard E. LeBlanc, Sole Member

-AND-

**STRATFORD LAND FUND IV, L.P.,**
a Delaware limited partnership

By:    Stratford Fund IV GP, LLC,
        a Texas limited liability company,
        its General Partner


     By:    _____
            Kevin M. Watson, President Land
            Division

-AND-

**KNOX STREET PARTNERS NO. 2, LTD.,**
a Texas limited partnership

By:    Hanover Development Company,
        a Texas corporation


     By:    _(signature)_
            Richard E. LeBlanc, President

**SLF IV / HANOVER CANYON FALLS, L.P.**

By:     Argyle Northlake GP LLC, its general
partner

By:     _____
        Richard E. LeBlanc, Sole Member

-AND-

**ARGYLE/NORTHLAKE GP LLC**

By:     _____
        Richard E. LeBlanc, Sole Member

-AND-

**STRATFORD LAND FUND IV, L.P.,**
a Delaware limited partnership

By:     Stratford Fund IV GP, LLC,
a Texas limited liability company,
its General Partner

         By:     _____
                 Kevin M. Watson, President Land
Division

-AND-

**KNOX STREET PARTNERS NO. 2, LTD.,**
a Texas limited partnership

By:     Hanover Development Company,
a Texas corporation

         By:     _____
                 Richard E. LeBlanc, President

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | Chapter 11 |
| McGinnis Land Partners I, LP, and | § | Case No. 10-bk-34654-sgj |
| Canyon Falls Land Partners, LP, | § | Case No. 10-bk-34655-hdh |
| | § | |
| Debtors. | § | Jointly Administered Under |
| | § | Case No. 10-bk-34654 |

## <u>ORDER APPROVING STIPULATION</u>

This matter having come before this Court on the *Motion to Approve Stipulation* (the

"**<u>Motion</u>**") filed by McGinnis Land Partners I, LP and Canyon Falls Land Partners, LP, the

debtors and debtors in possession (collectively, the "**<u>Debtors</u>**"); the Court finds that the relief

requested is in the best interests of the Debtors and the Debtors' estates, and the Court finds that

adequate notice of the Motion has been given; thus, no other notice need be given. Therefore, it

is hereby

48467/0001-7238734v1

1.      ORDERED that the Motion is GRANTED.

2.      ORDERED that the Stipulation (attached as Exhibit A to the Motion) is approved.

3.      ORDERED that counsel for the Debtors shall serve this Order within five days of entry thereof upon all parties on the Master Service List for these Cases.

### END OF ORDER ###